From Frank P. Slattery, Wilkes-Barre, Pa.

## Bing & Company v. Watkins

*Welles, Mumford & Stark*, for plaintiff; *F. E. Donnelly*, for defendant.

LEWIS, J., March 20, 1931.—This is a suit in assumpsit on a book account for installation of an electric fountain and marble urns.

The defendant filed an affidavit of defense to the merits of the case, and also filed his counterclaim in the nature of a set-off. We will dispose both of these rules in one opinion.

We are asked to strike off the defendant's set-off or counterclaim, for the reason that the defendant does not say whether the contract, for the breach of which he wants to recover, is oral or in writing.

Section nine of the Practice Act of May 14, 1915, P. L. 483, requires a plaintiff in an action on a contract to state whether it is oral or written.

Section twenty-one of the same act authorizes courts to strike off pleadings that do not conform to its requirements.

It has been the practice to strike off statements that do not state whether a contract upon which an action is based is written or oral: Philadelphia Gear Co. *v.* Climax Machine Co., 29 Dist. R. 493.

The Act of May 14, 1915, P. L. 483, has been amended by the Act of May 23, 1923, P. L. 325, so as to authorize the court to permit the parties to amend their pleadings in proper cases, instead of striking them off.

As the statement of counterclaim in this case does not conform to the requirements of the Act of 1915, in that it is not stated whether the contract upon which the counterclaim is based is oral or written, it is defective, and we will discharge the rule to strike off, if the defendant, within ten days of the filing of this opinion, amends his counterclaim or set-off by stating whether the contract upon which this counterclaim is based is oral or written; otherwise, the rule is absolute.

As to the affidavit of defense, the same is sufficient. It sets forth facts showing a substantial *prima facie* defense. The purpose of an affidavit of defense is to define the issue to be determined by the trial court.

This has been done clearly, and the issue should be tried upon its merits before a jury.

Now, March 20, 1931, rule for judgment for want of sufficient affidavit of defense is discharged.

From William A. Wilcox, Scranton, Pa.